UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

WILLIAM BLACKWELL                                        PLAINTIFF

VS.                               CIVIL ACTION NO. 3:06CV76LS

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY                                        DEFENDANT

<u>MEMORANDUM OPINION AND ORDER</u>

This cause is before the court on the motion of plaintiff
William Blackwell to remand case to administrator for
consideration of medical evidence.  Defendant Hartford Life and
Accident Insurance Company has responded in opposition to the
motion and the court, having considered the memoranda of
authorities, together with attachments, submitted by the parties,
concludes that the request to remand will be denied, but that the
medical evidence at issue is part of the administrative record and
therefore may be considered by the court in this case.

Blackwell filed the present action under the Employee
Retirement Income Security Act, 42 U.S.C. § 1101, <u>et</u> <u>seq.,</u> seeking
to recover long-term disability benefits he contends are due him
under a disability policy issued by Hartford pursuant to an
employee welfare benefit plan established by plaintiff's former
employer, Walmart Stores.  Under the policy, a participant is
eligible to receive long-term disability benefits, if during a

six-month elimination period and for twelve months thereafter, he is unable to perform one or more of the essential duties of his occupation.  After the first twelve months of disability, a participant is entitled to continued benefits if he is unable to perform the essential duties of <u>any</u> occupation for which he is qualified by education, training or experience.

On October 1, 2002, while working as an unloader for Walmart Stores, Blackwell injured his knees.  He remained employed by Walmart in the same position until March 9, 2003.  Thereafter he applied for and was paid short- and long-term disability benefits from April 2, 2003 through February 28, 2005, at which time Hartford determined that while plaintiff remained disabled from performing his occupation as an unloader, he was able to perform sedentary work.  Hartford arrived at this determination after plaintiff's treating physician, Dr. Tsao, sent her response to a questionnaire from Hartford in which she indicated that plaintiff was able to perform sedentary or light work.  After receiving Dr. Tsao's response on February 1, 2005, Hartford conducted an Employability Analysis to determine whether there were sedentary occupations plaintiff could perform, and on March 1, 2005, notified plaintiff by letter that it was discontinuing his long-term disability benefits.  On March 21, plaintiff appealed that decision, and on June 1, 2005, after completing an Employability

Analysis Addendum, Hartford notified plaintiff by letter dated
June 1, 2005 that his appeal was denied.

Following the denial of plaintiff's appeal, and presumably at
plaintiff's request, Dr. Tsao wrote to Hartford on July 22, 2005,
stating,

> At this time, due to Mr. Blackwell's left knee
> replacement, his inability to walk easily, sit for long
> periods of time, his inability to kneel, squat and to
> easily ambulate, it is my opinion that he is unable to
> work.

According to plaintiff, Hartford refused to consider the letter,
taking the position that the "record was closed."  At plaintiff's
request, Dr. Tsao then completed two questionnaires addressed to
the question of whether plaintiff was disabled.  In the first,
dated July 27, 2005, Dr. Tsao opined that plaintiff could not
perform a sedentary occupation.  In the second, dated September
28, 2005, she asserted not only that he was currently unable to
perform sedentary work but that he had been unable to perform even
sedentary work between January 2005 and July 2005.  Plaintiff's
counsel forwarded both questionnaires to Hartford, but Hartford
again declined to consider the additional information, taking the
position it was not required to do so as the administrative record
was closed.

On December 15, 2005, plaintiff's counsel conducted a
deposition of Dr. Tsao, in which she explained her treatment of
plaintiff, and explained her opinion in early February 2005 that

3

plaintiff could perform sedentary work had been wrong. Specifically, she testified that whereas she had believed at that time that plaintiff's left knee replacement surgery had been a success, that turned out not to be the case, and he continued to suffer problems with that knee, which resulted in additional surgical intervention. Plaintiff's counsel forwarded the deposition to Hartford on January 6, 2006. Hartford promptly returned it to him, stating:

> The appeal has been completed, we have closed our administrative record, and administrative remedies have been exhausted. As a result, we will not review any new submission of information or further reconsider our decision. The record remains closed.

Plaintiff filed this suit on February 6, 2006. He has now moved the court to remand the case to Hartford with instructions that Hartford reconsider its denial in light of the evidence provided by Dr. Tsao and counsel for plaintiffs. Hartford opposes the motion, arguing that under applicable law, the court's review of Hartford's denial decision is limited to the administrative record, as it existed at the time the claim decision was made. Hartford maintains that any medical information dated subsequent to its decision affirming denial of plaintiff's claim is not a part of the administrative record and is therefore not a proper basis either for remanding the claim to Hartford or for determining that Hartford abused its discretion in discontinuing plaintiff's disability benefits.

4

The court agrees that existence of such evidence is not a basis for remanding the case. However, the court does not agree that the evidence is not part of the administrative record. In Vega v. National Life Insurance Services, Inc., the court stated:

> Although we recognize that there is a concern that a self-interested administrator can manipulate this process unfairly (e.g., by permitting the administrator to exclude from the record information that would weigh in favor of granting the claim), we think that this concern is largely unwarranted in the light of adequate safeguards that can be put in place.
>
> Before filing suit, the claimant's lawyer can add additional evidence to the administrative record simply by submitting it to the administrator in a manner that gives the administrator a fair opportunity to consider it. In Moore, we said that "we may consider only the evidence that was available to the plan administrator in evaluating whether he abused his discretion in making the factual determination." Moore, 993 F.2d at 102. If the claimant submits additional information to the administrator, however, and requests the administrator to reconsider his decision, that additional information should be treated as part of the administrative record. See, e.g., Wildbur, 974 F.2d at 634-35. Thus, we have not in the past, nor do we now, set a particularly high bar to a party's seeking to introduce evidence into the administrative record.
>
> We hold today that the administrative record consists of relevant information made available to the administrator prior to the complainant's filing of a lawsuit and in a manner that gives the administrator a fair opportunity to consider it. Thus, if the information in the doctors' affidavits had been presented to National Life before filing this lawsuit in time for their fair consideration, they could be treated as part of the record. Furthermore, in restricting the district court's review to evidence in the record, we are merely encouraging attorneys for claimants to make a good faith effort to resolve the claim with the administrator before filing suit in district court; we are not establishing a rule that will adversely affect the rights of claimants.

188 F.3d 287, 300 (5th Cir. 1999) (emphasis added).  Here, plaintiff's attorney submitted additional medical information to Hartford, asking Hartford to reconsider its decision to terminate benefits.  He did so prior to filing this suit and in a manner that gave the Hartford administrator a fair opportunity to consider it.  Hartford simply chose not to do so.  Under the court's holding in <u>Vega</u>, the evidence is properly regarded as part of the administrative record, and may therefore be appropriately considered in deciding whether Hartford's decision was arbitrary and capricious.  With this understanding, plaintiff's motion to remand is denied.

SO ORDERED this 11th day of September, 2006.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

6